SUMMERS *v.* KIRKLAND *et al.*

(Division B. March 24, 1947.)

[29 So. (2d) 455. No. 36392.]

Welch, Cooper & Welch, of Laurel, for appellant.

**A. S. Scott**, of Laurel, for appellee.

802

**Alexander, J.,** delivered the opinion of the court.

Bill was filed by appellees to enjoin maintenance of a nuisance by appellant, and for damages.

Appellant operates the Laurel Hoe Works and appellees all reside across the street from the plant. Appellant had allowed to accumulate a large pile of sawdust near the street and particles therefrom had been constantly deposited by action of the wind over and into the homes of the appellees. Protest had been repeatedly made and some protective measures had been undertaken by appellant.

Upon the hearing, the prayer for injunction was abandoned since by the removal of the pile this issue had become moot. The chancellor was justified in finding substantial damages to the complainants who enumerated the several elements thereof.

The action as regards its tort phase is unique in that five complainants were allowed to proceed jointly in a

single action for several damages. No point is made thereon, and the fixing of separate and similar damages to each suggests no impropriety.

One of the complainants, Wilson, whose home was a part of the neighborhood group was not present at the hearing, adduced no proof and was not mentioned by any of the other complainants, each of whom established his own case.

We find no warrant for award of a definite amount of damages, or for any damages, to this complainant. Recovery must be had upon complaint and proof. Had Wilson been the sole plaintiff in a tort action, it would hardly be supposed that he could recover damages upon proof only that some of his neighbors had suffered damage. In fact, two witnesses for the defendant below testified that although they reside in the same neighborhood, they had sustained no damage nor inconvenience. Wilson's mere registration as a local resident was not a due bill for damages. To the argument that his rights were equal to those of his neighbors, is the answer that his duty was likewise equal. One complainant may not, by his suit and verdict, legislate a prevailing scale to which another may ipso facto demand compliance.

Whether the complainants by their residence voluntarily exposed themselves to a pre-existing nuisance would involve an inquiry whether appellant's operations constituted a nuisance per se. The action here involves a nuisance per accidens. That it was later abated shows that it could earlier have been.

The decree will be affirmed as to the appellees Kirkland, Rogers, and Brown, but reversed and vacated as to the appellee Wilson. Costs will be apportioned one-fourth to O. A. Wilson and three-fourths for appellant.

So ordered.